## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GENE SIDORE, derivatively on behalf of NIC, INC.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 2:10-cv-02466-JWL-DJW** |
| ) | **Judge John W. Lungstrum** |
| **vs.** ) | |
| ) | |
| **WILLIAM F. BRADLEY, JR; JOHN L. BUNCE, JR.; ART N. BURTSCHER; DANIEL J. EVANS; JEFFERY S. FRASER; ROSS C. HARTLEY; HARRY H. HERINGTON; ALEXANDER C. KEMPER; STEPHEN M. KOVZAN; WILLIAM M. LYONS; and PETE WILSON,** ) ) ) ) ) ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **NIC, INC.,** ) | |
| ) | |
| **Nominal Defendant.** ) | |

## ORDER PRELIMINARILY APPROVING
## SETTLEMENT, DIRECTING NOTICE TO SHAREHOLDERS, AND SETTING
## HEARING FOR FINAL APPROVAL OF THE SETTLEMENT

WHEREAS, pursuant to the United States Federal Rules of Civil Procedure 23.1, the parties to the above-captioned action ("Derivative Litigation") have filed an uncontested application for preliminary approval of a proposed settlement and for entry of a hearing order in connection with the proposed settlement of the above-captioned Derivative Litigation and have attached as to their application the March 21, 2011, Stipulation of Settlement and Exhibits, including a set of Corporate Governance Procedures and supervisory procedures related to NIC's financial reporting (Exhibits A and B), a proposed notice to be provided to Stockholders (Exhibit C), a Proposed Order Preliminarily Approving Settlement, Directing Notice to Shareholders, and

Setting Hearing for Final Approval of the Settlement (Exhibit D), and a proposed Final Judgment and Order Approving Settlement (Exhibit E), which Stipulation of Settlement and Exhibits shall be collectively referred to as the "Settlement Agreement" (or the "Agreement").

IT IS HEREBY ORDERED, as follows:

1.     To the extent terms are not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2.     A hearing (the "Final Settlement Hearing") will be held on October 11, 2011, at 1:00 p.m. in the United States District Court for the District Kansas, United States Courthouse, 500 State Avenue, Kansas City, KS 66101, to determine, among other things:

    a.     whether the proposed Settlement Agreement is fair, reasonable, adequate and in the best interests of NIC, Inc. ("NIC") and its Stockholders and should be approved by the Court;

    b.     to determine finally whether the Plaintiff fairly and adequately represents the similarly situated stockholders in enforcing the rights of NIC;

    c.     whether the Final Judgment and Order Approving Settlement should be entered in this Derivative Litigation pursuant to the proposed Settlement Agreement;

    d.     whether the Derivative Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

    e.     whether Plaintiff, Current NIC Stockholders, and the Individual Defendants (whether acting on their own behalf or by and through their stockholders, or any of them), or any of their respective representatives, trustees, successors, heirs, and assigns should be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration, or

administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, that are released by the Settlement Agreement; and

f.      any other matters, including the provision in the Settlement Agreement for payment by NIC to Plaintiff's Counsel of the Fee and Expense Award and to Plaintiff of the Case Contribution Award.

3.      The Court may adjourn the Final Settlement Hearing or any adjournment of the Final Settlement Hearing without further notice other than by announcement at the Final Settlement Hearing or at any adjournment of the Final Settlement Hearing, to any persons or entities other than the Parties to this Derivative Litigation.

4.      The Court may approve the Settlement Agreement and enter the Final Judgment and Order Approving Settlement after the Final Settlement Hearing or any adjournment of the Final Settlement Hearing, with or without modification, and to dismiss the Complaint on the merits and with prejudice with or without further notice to any persons or entities other than the parties to this Derivative Litigation.

5.      The Court preliminarily approves the proposed Settlement and finds that the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant providing Notice of the Derivative Litigation and the proposed Settlement Agreement to Stockholders and holding a Final Settlement Hearing on the Settlement Agreement.

6.      No later than August 26, 2011, forty-five (45) days before the Final Settlement Hearing, NIC, counsel for Individual Defendants who are current NIC officers or directors, or their designee(s) shall cause Notice of the Final Settlement Hearing substantially in the form attached hereto as Exhibit 1 (revised from the proposed notice filed with the Court as Exhibit C to the Settlement Agreement) (the "Notice") to be mailed directly to Current NIC Stockholders. NIC shall also issue a press release regarding the Settlement and shall include in its press release

3

an internet address for a page on the NIC website where the full Settlement is available for viewing and download.  The full Settlement agreement shall be available on NIC's website no later than forty-five (45) days before the Final Settlement Hearing and continuing through the date of the Final Settlement Hearing.

7.      The Court finds that the Notice's form, content, and proposed plan of distribution specified in the Settlement Agreement satisfies the requirements of the United States Federal Rules of Civil Procedure (including Rule 23.1), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, and is sufficiently informative of the Derivative Litigation, the Settlement Agreement, and the Final Settlement Hearing and provides sufficient opportunity for response to all persons or entities entitled to receive such notice.

8.      NIC or counsel for Individual Defendants who are current NIC officers or directors, at or before the Final Settlement Hearing, shall cause to be filed proof of the mailing of the Notice.

9.      NIC is authorized to communicate with its stockholders about the Notice and the terms of the proposed Settlement Agreement, as detailed in the Stipulation of Settlement, and to engage in any other communications within the normal course of the Company's business. Plaintiff's Counsel is authorized to communicate with NIC Stockholders to the extent required by applicable ethical rules.

10.     Pending final determination by the Court of whether the Settlement Agreement should be approved, this Court preliminarily bars and enjoins Plaintiff, Current NIC Stockholders, and the Individual Defendants (whether acting on their own behalf or by and through its Stockholders, or any of them), or any of their respective representatives, trustees, successors, heirs and assignees, from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order

against the Released Persons in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement.

11.     Stockholders who wish to object to any aspect of the Settlement Agreement or proposed settlement, including its fairness, reasonableness, or adequacy, or the payment of the' Fee and Expense Award or the Case Contribution Award, must file with the Court, no later than fourteen (14) calendar days before the Final Settlement Hearing, a statement including (a) the Stockholder's name, address, and telephone number, (b) proof of the Stockholder's ownership of NIC stock (acceptable forms of proof include, but are not limited to, a stock certificate, a brokerage confirmation, the most current brokerage statement, a letter or affidavit by a broker, or an affidavit by the stockholder), (c) the case name and number of this action, (d) the specific reason(s), if any, for each objection to the Settlement Agreement, including any legal support the Stockholder wishes to bring to the Court's attention and any evidence the Stockholder wishes to introduce in support of his or her objection, and (e) the Stockholder's hand signature. Stockholders may so object either on their own or through an attorney hired at their own expense.  The Stockholder's statement (and any supporting papers) must be filed in writing with the Clerk of the Court, United States District Court for the District of Kansas, United States District Court for the District Kansas, United States Courthouse, 500 State Avenue, Kansas City, KS 66101.

12.     Any attorney hired by a Stockholder for the purpose of objecting to the Settlement Agreement or the proposed settlement must file a notice of appearance with the Clerk of the Court no later than fourteen (14) calendar days before the Final Settlement Hearing.

13.     Attendance at the Final Settlement Hearing is not necessary. However, any Stockholder who files and serves a timely written objection under Paragraph 11 may appear at the Final Settlement Hearing, either in person or through personal counsel retained at the Stockholder's expense.  Stockholders and their attorneys who intend to make an appearance at the Final Settlement Hearing must file with the Clerk of the Court, no later than fourteen (14) calendar days before the Final Settlement Hearing, a notice of intention to appear.

14.     Any Stockholder who fails to comply with the requirements of Paragraphs 11-13 shall waive and forfeit any and all rights he, she, or it may have to appear separately and shall be forever barred from separately objecting.  Stockholders do not need to appear at the hearing or take any other action to indicate their approval of the proposed settlement.

15.     Plaintiff's Counsel, Defendants' counsel, and NIC's independent counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

16.     Any briefing and settlement support papers shall be submitted to the Court at least seven (7) days prior to the final Settlement Hearing.

17.     In no event shall the Settlement Agreement or this Order, or any of the Settlement Agreement's provisions, or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Derivative Litigation, any other action, or any judicial, administrative, regulatory, or other proceeding, *except* a proceeding to enforce this Agreement or in any subsequent action brought against any of the Released Persons in order to support a defense or counterclaim of the Released Persons of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim or issue preclusion or similar defense or counterclaim.  Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to NIC and the Individual Defendants (collectively, individually, or in some combination of individuals), or as a waiver by NIC and/or the Individual Defendants (collectively, individually, or in some combination of individuals) of any applicable defense, or as a waiver by the Settling Parties of any claims, causes of action or remedies.

6

18.     This Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement, including a determination if the settlement should be approved as fair, reasonable and adequate.

So ordered this 8th day of July, 2011

                        __s/ John W. Lungstrum_____

                        THE HONORABLE JOHN W. LUNGSTRUM

                        UNITED STATES DISTRICT JUDGE